IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICARDO PIESCHACON,           :
                              :
        Petitioner            :
                              :   CIVIL NO. 1:10-CV-1907
                              :
    v.                        :   Hon. John E. Jones III
                              :
                              :
WILLIAM CAMPBELL,             :
                              :
        Respondent            :

## ORDER

June 1, 2011

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 13, 2010, Petitioner Ricardo Pieschacon ("Petitioner" or

"Pieschacon"), a former detainee of the United States Immigration and Customs

Enforcement ("ICE") Office, who was confined at the Columbia County Prison in

Bloomsburg, Pennsylvania, initiated the above action *pro se* by filing a Petition for

Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc.

1.)

Pieschacon, who is a native and citizen of Columbia, was ordered removed

from the United States on July 30, 2009. (*See id.* at 2.)  Although Pieschacon had a

petition for review of his removal order pending with the United States Court of

Appeals for the Third Circuit, he asserted in his Petition that his continued detention

by ICE violated his due process rights pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001), and he sought his immediate release from custody. (*See id.* at 5-6.) The Petition is fully briefed and ripe for disposition.

In preparing to dispose of the instant Petition, this Court checked the status of Petitioner's detention through the ICE Online Detainee Locator System.[1] Searches for Petitioner by his A-Number and by his name both returned results that he was "not found." Accordingly, the Court ascertained from the local ICE Enforcement and Removal Operations ("ERO") Field Office located in Philadelphia, Pennsylvania, that on May 23, 2011, Petitioner was deported from the United States.

## DISCUSSION

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459

---

[1]*See* ICE Online Detainee Locator System, available at http://locator.ice.gov/

2

(1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

"[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Lane v. Williams,* 455 U.S. 624, 631 (1982). In the context of federal habeas petitions brought by immigration detainees, it is well-settled that administrative action by immigration officials addressing the concerns raised by an alien's petition renders that petition moot. *Burke v. Gonzales*, 143 Fed. Appx. 474 (3d Cir. 2005); *Gopaul v. McElroy*, 115 Fed. Appx. 530 (3d Cir. 2004). Thus, for example, the deportation of an alien frequently makes an immigration habeas petition moot. *See Lindaastuty v. Attorney General*, 186 Fed. Appx. 294 (3d Cir. 2006).

In the instant case, because Pieschacon has been removed from the United States to Columbia, his request for release from ICE custody pending the completion of removal proceedings is entirely moot, and the dismissal of his Petition as moot is appropriate. An appropriate Order will enter.

3